UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROSALYN PETERS | * | CIVIL ACTION NO. |
| VERSUS | * | JUDGE: |
| MAXIMUS, INC. | * | MAGISTRATE: |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## <u>COMPLAINT</u>

### I. PRELIMINARY STATEMENT

1.

Rosalyn Peters brings this action to redress the injury done to her by Maximus's discriminatory treatment on the basis of her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. §§ 12101 et seq., as amended by the ADA Amendments Act of 2008.

### II. JURISDICTION AND VENUE

2.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a).

3.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the events giving rise to the plaintiff's claims occurred in this judicial district.

## III. CONDITIONS PRECEDENT

### 4.

On August 10, 2023, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination.

### 5.

On July 2, 2024, the EEOC issued a "right-to-sue" letter to plaintiff.

## IV. PARTIES

### 6.

Plaintiff, Rosalyn Peters ("Ms. Peters"), is a citizen of the United States and a resident of Bogalusa, Louisiana.

### 7.

The defendant, Maximus Inc. ("Maximus"), is a corporation domiciled in Virginia and doing business in Louisiana at 411 Industrial Parkway Dr., Bogalusa, Louisiana. Maximus Inc. is an "employer" under the Americans with Disabilities Act of 1990 (ADA) 42 U.S.C.A. §§ 12101 et seq. and employs more than 15 employees. [1]

## V. FACTS

### 8.

Ms. Peters began working at Maximus's Bogalusa call center in 2013 and served as an Associate Specialist in Customer Service until her termination on January 30, 2023.

---

[1] According to SEC records, as September 30, 2023, Maximus had approximately 39,600 employees. https://www.sec.gov/ixviewer/ix.html?doc=/Archives/edgar/data/1032220/000103222023000096/mms-20230930.htm

9.

In April 2022, Ms. Peters was diagnosed with stage 2 oropharyngeal cancer and began a rigorous treatment program, including chemotherapy, radiation, the placement of a feeding tube, and physical and speech therapy.

10.

Ms. Peters requested FMLA leave from May 15, 2022, to July 15, 2022, which was granted.

11.

Although Ms. Peters' 12 weeks of FMLA leave had ended, her doctor had not cleared her to return to work due to ongoing treatments. Ms. Peters requested an extension of her leave until October 1, 2022, through Maximus's Medical Leave of Absence Policy ("MLOA"), which was granted. In connection with Ms. Peters' request to extend her leave until October 1, 2022, she complied with Maximus's request to submit a medical inquiry form. Her doctor, Dr. Genevieve Maronge, completed the form which included information about Ms. Peters' cancer diagnosis and indicated that she was not able to return to work due to continuing active treatment.

12.

Maximus Accommodations and Leave Team ("MALT") had all requisite paperwork from Ms. Peter's medical provider detailing her diagnosis to approve her request under MLOA

13.

Ms. Peters was met with numerous medical complications in the following months due to her cancer. Ms. Peters was forced to submit additional medical documentation to

MALT to accommodate her request to extend leave from October 1, 2022, until December 5, 2022. Ms. Peters complied with all requests of MALT. Further, Ms. Peters' supervisor, Kevin Green, was aware of her diagnosis. MALT extended Ms. Peters' leave until December 5, 2022, and then again until January 16, 2023. Each time, Ms. Peters complied with Maximus and MALT's request for medical documentation to support her leave request.

14.

Ms. Peters' final request for leave, made on January 11, 2023, indicated that she was medically cleared to return to work on February 6, 2023. Ms. Peters asked MALT if they required any additional documentation to approve the request, at which time she was told MALT already had the documents they needed. Ms. Peters stressed that she did not want to lose her job to both the MALT staff and her supervisor Kenneth Hurst. Kenneth Hurst was aware of and even supported this final request for leave. In fact, Kenneth Hurst seemed shocked to learn Ms. Peters' final request for extension was denied

15.

Despite providing the necessary documentation, Ms. Peters' request was denied, and she was terminated on January 30, 2023. Ms. Peters received a letter stating she had been terminated because neither she nor her physician had provided an anticipated return to work date. However, Ms. Peters had listed an anticipated return to work date as February 6, 2023 and was told by MALT that no further medical documentation was required.

16.

At all relevant times, Maximus knew Ms. Peters had cancer.

17.

Maximus's actions in terminating Ms. Peters were based on her disability, or alternatively, her disability was a motivating factor in the decision to terminate her employment.

## VI. CAUSES OF ACTION

### FIRST COUNT – DISCRIMINATORY TERMINATION BECAUSE OF A DISABILITY IN VIOLATION OF THE ADA

18.

Ms. Peters is a qualified individual with a disability under the ADA, as her cancer diagnosis substantially limits several major life activities, including eating, swallowing, and caring for herself.

19.

Notwithstanding her impairments, Ms. Peters was otherwise qualified for and able to perform the essential functions of her job, with or without reasonable accommodation.

20.

As a result of Maximus's intentional conduct, the plaintiff has suffered serious economic losses as well as considerable humiliation, embarrassment, and severe emotional distress.

21.

Maximus's actions were intentional, malicious, and in reckless disregard of Ms. Peters' rights under the ADA.

22.

Maximus's actions constitute discriminatory termination and disparate treatment under the ADA.

5

## SECOND COUNT – FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF THE ADA

23.

Ms. Peters is an individual with a disability within the meaning of the ADA.  Maximus knew that she suffered from cancer.  Her impairments substantially limited her in one or more major life activities; she had a record of impairment, and/or Maximus regarded her as having an impairment.

24.

Ms. Peters developed medication conditions that are disabilities under the ADA and requested reasonable accommodations from Maximus.

25.

Ms. Peters disclosed her disability to Maximus both verbally and in medical documentation submitted to MALT. Additionally, Ms. Peters provided a letter from her medical provider restricting her ability to return to work while again detailing her disability. Despite Ms. Peters' request for a reasonable accommodation, which had been granted numerous times in the past, Maximus failed to engage in the interactive process, failed to accommodate Ms. Peters, and denied her request for accommodation in violation of the ADA ADA (42 U.S.C. §12112(b)(5)(A); 29 C.F.R. § 1630.9 & Pt. 1630, App. § 1630.9).

26.

Providing reasonable accommodations for Ms. Peters' would not have caused Maximus any undue hardship.

27.

Maximus violated the ADA and acted with malice or reckless indifference to plaintiff's federally protected rights, entitling her to punitive damages under 42 U.S.C. § 1981a(a) and (b).

28.

As a result of Maximus's violations of the ADA plaintiff suffered mental anguish and physical pain and is entitled to compensatory damages under 42 U.S.C. § 1981a(a) and (b).

**THIRD COUNT – RETALIATION IN VIOLATION OF THE ADA**

29.

Ms. Peters engaged in an activity protected by the ADA when she requested reasonable accommodations for her disabilities from Maximus.

30.

Shortly after she requested reasonable accommodations on January 11, 2023, she was terminated by Maximus on January 30, 2023, despite being cleared by her physician to return to work on February 6, 2023 and the multiple extensions granted by Maximus previously

31.

Maximus discharged Ms. Peters in retaliation for requesting reasonable accommodations, in violation of the ADA.

32.

Maximus's retaliatory termination of Ms. Peters has caused her economic losses. She has also suffered considerable humiliation, embarrassment, and severe emotional distress.

33.

Maximus acted with malice or reckless indifference to Ms. Peters' federally protected rights, entitling her to punitive damages.

## VI. PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to:

1.  Assume jurisdiction over this action.

2.  Declare that the acts and practices complained of herein are in violation of the ADA.

3.  Award the plaintiff back pay, front pay, compensatory damages for emotional distress, pain and suffering, and punitive damages.

4.  Award the plaintiff all costs and reasonable attorney's fees incurred in connection with this action.

5.  Grant such additional or alternative relief as may appear to the Court to be just and equitable.

## VIII. JURY DEMAND

Plaintiff respectfully requests trial by jury.

Respectfully submitted,

JONES FUSSELL, L.L.P.

By:  /s/ Andrew J. Walker
    Andrew J. Walker #39056
    Katherine L. Riecke #40495
    P.O. Box 1810
    Covington, LA  70434
    Telephone:  985-893-4801
    Facsimile:  985-235-4327
    E-mail: awalker@jonesfussell.com
    *Attorneys for Rosalyn Peters*